# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Nathan William Fehl-Haber, | ) | Case No. 1:13-cr-018 |
| | ) | |
| Defendant. | ) | |

Defendant is in custody at the Heart of America Correctional and Treatment Center ("HACTC") in Rugby, North Dakota, awaiting trial. On October 3, 2014, he sent a letter to the court request a hearing on the issue of his detention. In so doing he advised that his father, Reggie Trieb, needs a kidney transplant, that he is the kidney donor, and that the hospital is refusing to work with donors who are incarcerated.

The Pretrial Services Office subsequently contacted Mr. Trieb, who advised that he was indeed ill but had yet to be placed on any transplant lists and that blood tests had yet to be performed to determine whether defendant was a viable donor.

On October 16, 2014, defendant wrote to the court to (1) advise that blood tests performed at HACTC on October 9, 2014, confirmed that he met the initial criteria for donation, and (2) request that he be released from custody on conditions so that his father's kidney transplant can proceed. (Docket No. 194). Attached to his letter was a copy of his blood test results. (Id.).

The court sympathizes with defendant and his family. However, before it can take action on defendant's request, it will require additional information. The Pretrial Services Office, with the assistance from defendant, his family, and his court-appointed attorney, shall gather and forward to

1

the court information regarding the status of Mr. Trieb and whether he intends to proceed with a transplant, whether defendant will be required to submit to any additional tests or undergo a physical/psychological evaluation before donating his kidney, when and where the transplant would take place, and who would be performing the transplant.  Defendant shall be required to provide a medical release for all records necessary for the court to evaluate his request.  In addition, the court will likely require a statement from Mr. Trieb's physician that defendant is indeed a match and that he intends to proceed with defendant as a donor.  Once the court has reviewed all of this information, it will schedule a status conference with the parties to (1) further discuss defendant's request and attendant logistical issues; and (2)  formulate a plan of action.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court